**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JAMES SMILEY                                                                    PLAINTIFF

V.                                        **4:20-CV-00102-JM**

LITTLE ROCK DONUTS, LLC, *ET AL.*                                        DEFENDANTS

<u>**ORDER**</u>

Pending is Plaintiff's second renewed Motion to Approve Attorney Fees (Doc. No. 13).

Defendants have responded and Plaintiff has replied.[1]  For the reasons set out below, the motion

is GRANTED IN PART and DENIED IN PART.  Plaintiff is entitled to $1,200 in attorneys' fees

and $400 in costs from Defendants.

**I.      BACKGROUND**

Plaintiff worked for Defendants a few weeks (in addition to management training) before

resigning.  On January 29, 2020, Plaintiff filed this single-plaintiff straightforward FLSA case,

claiming that he was misclassified and should have been paid overtime.  There were only a

handful of filings, none of which were substantive.[2]  The parties filed a notice of a settlement on

February 17, 2021.[3]  On March 31, 2021, the parties filed a motion to approve the $1,200

settlement, which the Court did a few weeks later.[4]  After that, Plaintiff filed the pending motion

seeking $6,284.60 in fees and $550 in costs.  Defendants claim the request is excessive and

outlines several issues.

---

[1]Doc. Nos. 15, 18.

[2]Two notices of appearance, a corporate disclosure statement, a Rule 26(f) report, and two
scheduling orders.  Doc. Nos. 2-8.

[3]Doc. No. 9.

[4]Doc. Nos. 11, 12.

## II.    DISCUSSION

The Fair Labor Standards Act allows for reasonable lawyers' fees upon successful litigation of the claim.[5]  The lodestar method is the "most useful starting point for determining the amount of a reasonable fee."[6]  It requires the Court to consider "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[7]  Then the Court should "adjust the fee upward or downward on the basis of the results obtained."[8]  "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."[9]  "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys."[10]

"An attorney[s'] fees award under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client."[11]  Hours that were not "reasonably expended" must be excluded.[12]  "Cases may be overstaffed, and the skill and

---

[5]29 U.S.C.A. § 216 ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

[6]*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[7]*Id.*

[8]*Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).

[9]*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551(2010) (emphasis in original).

[10]*Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991) (internal quotations omitted).

[11]*Morales v. Farmland Foods, Inc.*, No. 8:08CV504, 2013 WL 1704722, at *7 (D. Neb. April 18, 2013) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 287 (1989)).

[12]*Hensley*, 461 U.S. 424, 434 (1983).

experience of lawyers vary widely.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."[13]

### A.    Requested Hourly Rates

SLF seeks hourly rates of  $383 for Josh Sanford; $300 for Vanessa Kinney; $200 for Sean Short; $150 for Courtney Lowery and Samuel Brown; $100 for a paralegal; and $60 for staff.

The Court is surprised to see that Mr. Sanford has <u>increased</u> his hourly rate to $383, when his request $325 an hour repeatedly has been found to be too high.[14]  It appears that the message is not getting through.  The same is true for the other SLF lawyers on this case.  SLF has provided no evidence of what it has ever charged an actual fee-paying client, which the Eighth

---

[13]*Id.*

[14]*Burton v. Nilkanth Pizza Inc., et al*, No. 4:19-CV-00307-BRW, Doc. No. 48 (E.D. Ark. Aug. 24, 2020) (citing cases); *Aubrey v. Zaman, LLC.*, No. 4:17-CV-00446-JLH (E.D. Ark. Nov. 29, 2018) (granting $275/hr rather than the requested $325/hr); *Wolfe v. Arafa*, No. 5:17-CV-00245-DPM (E.D. Ark. Aug. 8. 2019) (same); *Franklin v. Magnolia Flooring Mill, LLC*, No. 1:17-CV-01073, 2019 WL 2427952, at *4 (W.D. Ark. June 10, 2019) (holding that an hourly rate of $325 for Mr. Sanford was too high); *Perez v. Mian Enterprises, Inc.*, No. 2:17-CV-02162, 2018 WL 10394810, at *2 (W.D. Ark. Oct. 26, 2018) (allowing $275/hr rather than the requested $325/hr); *Vines v. Wellspun, et al.*, No. 4:18-CV-00509-BRW (E.D. Ark. Sept. 8, 2021), Doc. No. 103; *Smith v. OM Purshantam, LLC, et al.*, No. 4:18-CV-00797-KGB, 2021 WL 1239468, at *3 (E.D. Ark. March 31, 2021) ("Second, defendants claim that Ms. Smith has proposed hourly rates that are excessive and unjustified. The Court agrees. Mr. Sanford's request for $325.00 per hour has repeatedly been rejected by judges in both the Eastern and Western Districts of Arkansas."); *Ghess v. Kaid*, No. 2:19-CV-00021 KGB, 2021 WL 3891561, at *4 (E.D. Ark. Aug. 31, 2021) ("As in Smith and Vines, the Court concludes that the claimed rates of Mr. Sanford, Mr. Rauls, and Ms. Kinney are unreasonably high."; *Jaylin Bonds, et al.  v. Langston Companies, Inc.*, No. 3:18-CV-00189-LPR, 2021 WL 4130508, at *3 (E.D. Ark. Sept. 9, 2021) ("In the case at bar, the requested hourly rates for the attorneys and law clerk exceed the prevailing market rate.").

Circuit has held is a "useful starting point."[15]  Additionally, SLF's suggested hourly rates also appear to be haphazard, and, therefore, unreliable.  Specifically, in cases contemporaneously litigated by SLF, some lawyers' rates were lower than in this case:

| Attorney | Hourly Rate Claimed Here | Hourly Rate Contemporaneous Cases |
|---|---|---|
| Josh Sanford | $383 | $325[16] |
| Vanessa Kinney | $300 | $190, $225, $275[17] |
| Sean Short | $200 | $100, $150, $175[18] |
| Courtney Lowery | $150 | $100 and $150[19] |
| Samuel Brown | $150 | N/A |

---

[15]*McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988) ("Sindel's regular hourly billing rate provides a useful starting point for determining a reasonable fee. We have said that where an attorney requesting fees has well-defined billing rates, those rates can be used to help calculate a reasonable rate for a fee award."); *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) ("What Still charges clients is powerful, and perhaps the best, evidence of his market rate.").

[16]*Wright v. Tyler Technologies, Inc.*, No. 4:20-cv-00454-KGB (E.D. Ark. Dec. 28, 2020), at Doc. No. 42-1; *Oden v. Shane Smith Enterprises*, No. 4:19-CV-00693-BRW (E.D. Ark. Nov. 30, 2020), at Doc. No. 18-1; *Whitehead v. Conway Cycle Shop LLC, et al*, No. 4:20-cv-00234-BRW (E.D. Ark. Sept. 2. 2020), at Doc. No. 7-3; *Ghess v. Kaid*, No. 2:19-CV-00021 KGB (E.D. Ark. Dec. 9, 2020), at Doc. No. 27-1.

[17]*Olsen v. Clay County, Arkansas*, No. 3:18-cv-00129-BSM (E.D. Ark. Sept. 6, 2019), at Doc. No. 24-1; Ghess v. Kaid, No. 2:19-CV-00021 KGB at Doc. No. 27-1. *Bonds, et al v. Langston Companies, Inc.*, No. 3:18-CV-00189-LPR , at Doc. No. 74-1.

[18]*Id.*; *Penner v. Jesse W Grisham Post No 2259*, No. 4:17-CV-00659-BRW (E.D. Ark. July 11, 2019), at Doc. No 23-1; *Vines*, No. 4:18-CV-00509-BRW, at Doc. No. 92-1; *Ganus,v. Greene County, Arkansas*, No. 3:19-CV-00027-BSM, at Doc. No. 15-2;  *Ghess v. Kaid*, No. 2:19-CV-00021 KGB at Doc. No. 27-1.

[19]*Wright v. Tyler Technologies, Inc.*, No. 4:20-cv-00454-KGB, at Doc. No. 42-1; *Whitehead*, No. 4:20-cv-00234-BRW, at Doc. No. 7-3; *Oden*, No. 4:19-cv-00693-BRW, at Doc. No. 18-1.

SLF mentions the risk and delayed payment associated with contingency fee cases.[20]  It has been the Court's experience that FLSA cases have less risk and delay than most contingency-fee cases.

SLF argues that "[w]here specialized areas of the law are concerned, 'the national market may provide a reasonable hourly rate.'"[21]  FLSA litigation does not warrant a national rate. Furthermore, the Eighth Circuit has held that, "[a] reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated."[22]

Finally, SLF has not argued that taking this case precluded other employment.

After considering the submissions and my knowledge of the local prevailing rate, the Court finds that the reasonable hourly rates are $250 for Mr. Sanford; $175 for Ms. Kinney; $150 for  Mr. Short; $125 for Ms. Lowery; $100 for Mr. Brown.[23]  The "staff" work will not be billed to opposing counsel because it is overhead.  With these reasonable hourly rates, the resulting fee petition would be $4,217.50.

### B.    Hours Expended

The Court must now address the reasonableness of the hours expended.  This case did not present novel and difficult questions, did not preclude other employment, and would not have created time limitations; there is no indication that this was an "undesirable" case or that there was a lengthy relationship between SLF and their client.[24]

---

[20]Doc. No. 13-2.

[21]*Id.*

[22]*Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001).

[23]Although not mentioned in Mr. Sanford's declaration, it appears that Mr. Brown was admitted to the Arkansas Bar in 2020.

[24]Doc. No. 24 (discussing the factors from *Hensley*, 461 U.S. 424, 433 (1983)).

Although SLF attempted to self-audit there are still issues that the Court will address.

### 1.    Overstaffing

Between lawyers and staff, ten SLF employees billed for work in this case.  Although SLF is no longer requesting reimbursement for the work of three of those employees, seven employees is still too many.  This is not the first time SLF has been criticized for this practice.[25] Accordingly, a 20% reduction is appropriate.

### 2.    Client Communication

There are thirty-nine entries for client communications.  However, the are all completely redacted, so there is no way for the Court to determine whether the communications advanced the litigation.  Furthermore, the Court doubts that the entries reveal privileged information. Accordingly, $1,370 must be deducted.

### 3.    Staff

The $60 for "staff" work is covered by overhead and will not be shifted to Defendants.[26]

### 4.    Excessive Hours

SLF claims 7.1 hours ($1,235) at the reasonable hourly rates above.  At most, three hour is appropriate for what appears to be slightly tweaked fees motion repeatedly filed by SLF. Accordingly, a reduction of $710 is appropriate.

### 5.    Complexity of the Case

This case was not complex and very little substantive work was performed.

---

[25] *Vines v. Wellspun Pipes, Inc. et al.*, No. 4:18-CV-000509-BRW, 2020 WL 3062384, at *4-5 (E.D. Ark. June 9, 2020)(citing cases) (reversed on other grounds).

[26] *Shrader v. OMC Aluminum Boat Group, Inc*., 128 F.3d 1218, 1222 (8th Cir. 1997) (indicating that secretarial services are not part of attorney fee award).

### 6.      Unsupported Demand

The liability portion of this case was resolved on December 16, 2020.  SLF's initial

demand for fees and costs was $6,000 and it noted "while it is not a take it or leave offer, we

don't have a lot of room to move."[27]  However, as of that date, SLF had amassed fees of less than

$3,500 and recoverable costs of $400.  Notably, this total is at SLF's submitted rates.  If the

reasonable hourly rates permitted by the Court were used, the total would likely be under

$2,500.[28]  So, SLF demand a fee that had not and was not expected to be earned.  However,

"FLSA cases are not conduits for funneling unearned fees into lawyers' pockets.[29]  In fact,

Comment 4 to Rule 1.5 of the Arkansas Rule of Professional Conduct provides that a lawyer "is

obliged to return any unearned portion" of a fee.  As has been noted before, "it seems

inappropriate for SLF to demand fees from the opposing party that it did not earn."[30]

Accordingly, the Court will use the $3,500 of <u>earned</u> fees as the starting point for the calculation,

plus one hour for wrapping things up by Mr. Short ($150) and the reasonable time for the fee

petition ($525) – this totals $4,175.

---

[27]Doc. No. 15-1.

[28]This loose calculation is based on the fact that the average hourly rate submitted by SLF
was $236.60 and the average reasonable rate found by the Court was 30% less – $160.

[29]*Vines v. Wellspun Pipes, Inc. et al.*, No. 4:18-CV-000509-BRW, 2020 WL 3062384, at
*9 (reversed on other grounds).

[30]*Burton v. Nilkanth Pizza, Inc.*, No. 2020 WL 4939470, at *5 (E.D. Ark. Aug. 24, 2020).

### 7.   Summary

As set out above, the following will be reduced from SLF's request: (1) 20% reduction for overstaffing; (2) $1,370 for redacted entries; (3); $60 for staff; and (4) $710 for excessive hours on a fee petition.  For the reasons set out above, the Court will use the $4,175 earned fees as the starting point.  After the reductions, the total (and reasonable) fee in this case is $1,200.

### C.   Costs

Plaintiff's request for $150 for a process server is not recoverable.[31]  Accordingly, Plaintiff is entitled to $400 in costs.

## CONCLUSION

Based on the above reasons, Plaintiff's second renewed Motion to Approve Attorney Fees (Doc. No. 13) is GRANTED IN PART and DENIED IN PART.  SLF is entitled to $1,200 in attorneys' fees and $400 in costs from Defendants.

IT IS SO ORDERED this 21st day of September, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[31]*Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (holding that a party could not "recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses.").